UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARIE MONTEROSSO, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 2:20-cv-02185 |
| RECEIVABLES MANAGEMENT PARTNERS, LLC, D/B/A RMP SERVICES, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Marie Monterosso ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Receivables Management Partners, LLC d/b/a RMP Services, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1337, the TCPA, and FDCPA, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Central District of Illinois, Defendant conducts business in the Central District of Illinois, and all of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age and is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a debt collection agency with its headquarters located at 8085 Knue Road, Indianapolis, Indiana 46250. Defendant's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois.

## FACTS SUPPORTING CAUSES OF ACTION

7. In March 2018, Plaintiff's brother was rushed to Rushmore Hospital. Due to the traumatic event, Plaintiff experienced elevated blood pressure, but refused additional medical attention while at the hospital. Plaintiff clearly stated she wanted no medical services and that she would not pay for any services rendered.

8. On that same day, Plaintiff incurred a balance for having her blood pressure checked and the small amount of medical services that she was provided ("subject debt").

9. Subsequently, Plaintiff defaulted on the subject debt.

10. At some point thereafter, Defendant acquired the subject debt for the purpose of collection.

11. In the end of 2018, Defendant began placing collection calls to Plaintiff's cellular telephone number (815) XXX-8496 attempting to collect on the subject debt.

12. At all times relevant Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number ending in 8496. Plaintiff is and always has been financially responsible for this cellular telephone and its services.

13. Immediately after the calls began, Plaintiff answered a call from Defendant. During this call, Plaintiff heard a prerecorded message asking Plaintiff to return a call.

14. Plaintiff called the number provided, confirmed her identity, then requested that all calls cease to her cellular phone.

15. Plaintiff has answered several calls, and on every answered call Plaintiff is greeted by a prerecorded message requesting a call back.

16. Plaintiff returned several of Defendant's calls, and on each returned call she confirmed her identity and requested that the calls cease.

17. Notwithstanding Plaintiff's repeated requests for Defendant to stop calling her, Defendant placed numerous harassing phone calls to Plaintiff's cellular between late 2018 and the present day.

18. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" before being greeted by a prerecorded message instructing Plaintiff to call Defendant back.

19. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times in one day, and on back to back days, with such frequency as can be reasonably be expected to harass.

20. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS").

21. Defendant has primarily used the phone numbers (844) 711-5503, (844) 711-5504, (844) 711-5505, (844) 711-5506, (844) 711-5507, and (844) 711-5508, when contacting Plaintiff's cellular phone. Upon information and belief, Defendant has used other numbers as well.

22. At all times relevant, Defendant never sent Plaintiff any validation letter pursuant to §1692g.

## DAMAGES

23. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

24. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's false, deceptive, and misleading collection efforts.

25. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

26. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses speaking with her attorneys.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

29. The subject debt is a "debt" as defined by the FDCPA §1692a(5) because the subject was incurred for "personal, family, or household" purposes.

30. Defendant is a "debt collector" as defined by the FDCPA §1692a(6) because it uses instrumentalities of interstate commerce or the mails to collect debts and enforce security interests.

31. Defendant is a "debt collector" as defined by the FDCPA §1692a(6) because its principal business purpose is the collection of debts.

32. Defendant is a "debt collector" as defined by the FDCPA §1692a(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

33. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

34. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

35. Defendant violated 15 U.S.C. §§1692c(a)1, d, d(5), f, and g through its unlawful debt collection practices.

   a.  **Violations of FDCPA § 1692c**

36. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop on numerous separate occasions. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and

5

abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

37. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions, on back-to-back days, and multiple times in one day. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

38. Defendant was notified by Plaintiff that the calls were not welcomed. As such, Defendant knew its conduct was inconvenient and harassing to her.

    **b.  Violations of FDCPA § 1692d**

39. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant that its calls were unwanted and to immediately cease.

40. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone without Plaintiff's consent with calls multiple times in one day, on back to back days, and on weekends.

    **c.  Violations of FDCPA § 1692f**

41. Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. Plaintiff had already notified Defendant on multiple occasions that she did not want to receive phone calls from Defendant and it continued to call Plaintiff without her consent.

Defendant's unconscionable behavior was done in an effort to dragoon Plaintiff into paying the subject debt immediately.

### d. Violations of FDCPA § 1692f

42. Defendant violated §1692g by failing to send Plaintiff a written violation notice within five days of initial communication. Despite numerous phone calls with Plaintiff, Defendant failed to send any written correspondence to Plaintiff's confirmed address.

43. As detailed above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff MARIE MONTEROSSO respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Enjoining Defendant from further contacting Plaintiff.

c. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

d. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

e. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

46. Upon information and belief, based on Defendant's prerecorded message that played during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone.

47. Defendant violated the TCPA by placing numerous harassing calls to Plaintiff's cellular telephone between late 2018 and the present day.

48. Any prior consent, if any, was revoked by Plaintiff's verbal revocations on multiple occasions.

49. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

50. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

51. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits and Plaintiff's expense.

52. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, MARIE MONTEROSSO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Enjoining Defendant from further contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

53. Plaintiff restates and realleges paragraphs 1 through 52 as though fully set forth herein.

54. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

55. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

56. Defendant is engaged in commerce in the State of Illinois with regard to Plaintiff and the subject debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

57. Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts in its attempts to collect the subject debt from Plaintiff personally.

### a. Unfairness and Deception

58. It was unfair and deceptive for Defendant to seek to collect a subject debt from the Plaintiff through relentless harassing phone calls to her cellular phone, attempting to induce her into making an immediate payment.

59. It was unfair and deceptive for Defendant to continue placing unwanted phone calls after Plaintiff demanded on multiple occasions that it cease calling her cellular phone number.

60. Defendant's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in a significant harm in the form of invasion of privacy and nuisance.

61. Upon information and belief, Defendant systematically misleads consumers in Illinois in order to aggressively collect debts in default or assumed to be in default to increase its profitability at the consumers' expense.

62. Additionally, Defendant's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully.

63. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

64. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to Defendant's illegal conduct.

**WHEREFORE**, Plaintiff MARIE MONTEROSSO, requests that this Honorable Court:

    a. Enter judgment in Plaintiff's favor and against Defendant;
    b. Award Plaintiff actual damages in an amount to be determined at trial;
    c. Award Plaintiff punitive damages in an amount to be determined at trial;
    d. Award Plaintiff reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
    e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands a trial by jury.**

Dated: June 30, 2020                                        Respectfully Submitted,

/s/ Alexander J. Taylor.
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (331) 307-7646
ataylor@sulaimanlaw.com